UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL C. CIESIULKA,
KRISTINE L. CIESIULKA,

                            Plaintiffs,

v.

JOSEPH REBOVICH,
REINHART TRANSPORTATION, LLC,
JOHN DOE,

                            Defendants.

_____

**Hon. Hugh B. Scott**

08CV204

(CONSENT)

**Order**

Before the Court is defendants' motion for summary judgment (Docket No. 19[1]). Responses to this motion were due on or before July 30, 2009, and any reply was due by August 13, 2009, and the motion was deemed submitted (without oral argument) on August 13, 2009 (Docket No. 22). The parties consented to proceed before the Magistrate Judge on May 8, 2008 (Docket No. 12).

## BACKGROUND

This is a removed personal injury action, based upon diversity jurisdiction (Docket No. 1, Notice of Removal). The case arose from an incident on April 25, 2005, in which plaintiffs, New York State residents Michael and Kristine Ciesiulka, allegedly were injured when their vehicle

---

[1] In support of the motion, the moving defendants submitted their attorneys' affirmation, with exhibits, Docket No. 19; memorandum of law, Docket No. 20; statement of facts, Docket No. 21; and attorney's reply affirmation, with attached affidavit and expert report of Dr. Sanford Antin, Docket No. 26. In opposition, plaintiffs submitted their attorneys' declaration, Docket No. 23; their counter statement of facts, Docket No. 24; and memorandum of law, Docket No. 25.

was struck by a tractor trailer operated by defendants Pennsylvanian Joseph Rebovich and owned by Wisconsin limited liability corporation Reinhart Transportation (id. Notice ¶¶ 2-6[2]). The Complaint alleges that Rebovich, an employee of Reinhart Transportation, operated a tractor trailer that struck the vehicle driven by Michael Ciesiulka (or "Michael") and in which Kristine Ciesiulka (or "Kristine") was a passenger (id., Ex. B, Compl. ¶¶ 4, 14, 18, 5-6). While driving on Genesee Street, in Cheektowaga, New York, near a hotel driveway, defendants' tractor trailer allegedly struck the left side of plaintiffs' vehicle (id. ¶¶ 16, 18). Plaintiffs claim that they suffered "serious injuries as defined in the New York State Insurance Law" (id. ¶ 21), suffering serious and permanent physical injuries and damages in excess of state jurisdictional limits (id. ¶ 22). At issue in this motion is whether plaintiffs suffered a "serious injury" under New York Insurance Law § 5102(d) or economic loss under § 5104 of the Insurance Law (Docket No. 19, Notice of Motion). In their Interrogatories responses, plaintiffs allege entitlement to damages of $450,000 for Michael and $150,000 for Kristine (see Docket No. 20, Defs. Memo. at 3 n.2).

Defendants Rebovich and Reinhart Transportation answered (see Docket No. 4) as they filed the Notice of Removal (Docket No. 1). Among their affirmative defenses, these defendants asserted that the accident described in the Complaint did not result in a "serious injury" under Insurance Law § 5102(d) or economic loss greater than basic economic loss as defined in Insurance Law § 5104 (Docket No. 4, Ans. ¶ 27).

---

[2]The Complaint alleged that Reinhart Transportation was a Nebraska corporation, Docket No. 1, Notice of Removal, Ex. B, Compl. ¶ 3. That pleading also asserted in its caption claims against a John Doe defendant, id., Compl.

*Defendants' Motion*

After mediation (see Docket Nos. 15, 16), defendants filed the pending motion for summary judgment (Docket No. 19).

According to defendants' statement of undisputed facts (Docket No. 21) as accepted by plaintiffs (see Docket No. 24), according to the police report from this accident, neither plaintiff was transported to the hospital following the accident, Michael Ciesiulka did not make any complaint of injury and Kristine Ciesiulka complained of pain to her knee (Docket No. 21, Defs. Statement ¶ 1), but the police report did not indicate which knee (see Docket No. 19, Defs. Atty. Affirm., Ex. A). In his responses to Interrogatories, Michael Ciesiulka alleged that he sustained the following injuries as a result of the accident: left knee pain; left sided cervical spine pain; neck pain radiating to the left arm, shoulder, and face; mild C2-C3 disc bulge; moderate C3-C4 central disc bulge; C4-C5 small central disc bulge; C5-C6 mild spondylosis and disc space narrowing with dorsal osteophyte and disc bulge with mild left foraminal stenosis due to facet and uncovertebral hypertrophy; C6-C7 mild disc bulge; and multiple level disc bulges with degeneration, and osteophytes; and neck tenderness to palpation, with cervical paraspinal muscle spasm (Docket No. 21, Defs. Statement ¶ 4). Kristine Ciesiulka alleges she sustained head, neck, back and left knee pain with contusions, swelling, and bruising; upper left thigh tenderness; cervical sprain; right ankle sprain; post-concussive syndrome; occasional headaches; generalized weakness and numbness; difficulty sleeping; occasional fatigue; blurred vision; ringing in the ears with vertigo; nausea; muscle aches; moodiness; anxiety/depression; post-traumatic headaches and vertigo; and myofascial pain due to trauma (id. ¶ 5). While plaintiffs allege that their medical bills were covered by no-fault insurance, according to their insurer, Michael

Ciesiulka had $4,826.24 in no-fault payments while Kristine Ciesiulka had $2,566.04 in no-fault payments (id. ¶¶ 6-7). Defendants argue that plaintiffs did not provide bills, receipts or other documents as to their injuries or economic damages (id. ¶ 8), but plaintiffs in their statement of facts contend that information was provided about Michael's employment and the fact that he had to give up a higher paying job in order to allow him to return to work due to his injuries (Docket No. 224, Pls. Statement ¶ 8).

In support of this motion, defendants produced the deposition testimony of plaintiffs (Docket No. 19, Defs. Atty. Affirm. ¶ 12, Ex. G; Docket No. 21, Defs. Statement ¶¶ 9-28).

Plaintiffs argue that there are issues of material fact as to preclude summary judgment (Docket No. 25, Pls. Memo.). Defense independent medical examiner ("IME") Dr. John Ring (among other examiners, see Docket No. 23, Pls. Atty. Decl. ¶¶ 1-15[3]) found that plaintiffs' injuries were causally related to the accident (Docket No. 24, Pls. Statement, Facts in Dispute ¶¶ 1-2). Plaintiffs list various medical conditions stemming from this accident (id. ¶¶ 4-6) with Michael Ciesiulka claiming that he has been unable to work on his home or vehicles since the accident (id. ¶ 2).

Defendants reply that they met their burden of establishing entitlement to summary judgment in that they produced evidence (plaintiffs' deposition testimony, the reports of examining and treating physicians) that show that plaintiffs cannot meet the "serious injury"

---

[3]Plaintiffs cite to exhibits from the IME reports for Michael, but the attached exhibits are the IME reports for Kristine, cf. Docket No. 23, Pls. Atty. Decl. Exs. F, G. Defendants in their motion reproduce Michael's IME reports from Dr. Cowan, Docket No. 19, Defs. Atty. Affirm., Ex. H, and Dr. Ring, id., Ex. J.

threshold (Docket No. 26, Defs. Atty. Reply Affirm. ¶ 3). Plaintiffs invoke three categories of "serious injury" under Insurance Law § 5102, permanent loss of use of a body organ, member, function or system; a permanent consequent limitation of a body organ or member permanent consequential limitation of use of a body organ or member; or significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment. Defendants conclude that plaintiffs cannot establish the threshold for any of these categories as a matter of law. (Id. ¶ 4.) They contend that the record does not support plaintiffs' contentions of serious injury (id. ¶ 5). They argue that plaintiffs concede that they did not suffer more than $50,000 in economic loss, hence plaintiffs' claims are limited to the "serious injury" threshold (id. ¶ 6).

## DISCUSSION

I.  Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of the non-movant. Ford,

supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

   The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to

6

summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

II.     Application–New York Insurance Law "Serious Injury"

In this removed diversity action, it is uncontested that New York substantive law is applicable, see Johnson v. The Bon-Ton Dep't Stores, No. 05CV170, 2006 U.S. Dist. LEXIS 75671, at *9-11 (W.D.N.Y. Oct. 16, 2006) (Scott, Mag. J.) (applying New York law to accident in this district involving New York plaintiff and Pennsylvania retailer defendant).  Section 5102 of the New York Insurance Law defines a "serious injury" as

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d) (emphasis added).  Those clauses emphasized here are the categories alleged herein (see Docket No. 26, Defs. Atty. Reply Affirm. ¶ 4).  Whether plaintiffs suffered a "serious injury" is a question of law for the Court to determine, Heisler v. MPT New York, Inc., No. 02CV351, 2003 U.S. Dist. LEXIS 25084, at *12 (W.D.N.Y. Dec. 22, 2003) (Elfvin, J.) (citing Licari v. Elliot, 57 N.Y.2d 230, 238, 455 N.Y.S.2d 570, 574-75 (1982)) (Docket No. 20, Defs. Memo. at 4).  Judge Elfvin noted in Heisler that

> "'[i]n order to be a significant limitation, the limitation must be something more than a 'minor, mild or slight limitation of use.''  Moreover, [plaintiffs'] 'subjective pain, standing alone without objective indicia, [cannot] constitute a significant limitation.'  A finding of medical significance 'involves a comparative

> determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part.'"

Id. (footnotes and citations omitted). Under New York law, defendants have the initial burden of establishing a prima facie case that plaintiffs have not sustained any "serious injury" under Insurance Law §5104; once that burden is met, the burden shifts to plaintiffs to establish a prima facie case that they suffered a "serious injury," Heisler, supra, 2003 U.S. Dist. LEXIS25084, at *5 n.8 (quoting Carter v. Geldis, No. 00CV7236, 2002 U.S. Dist. LEXIS 9791, at *18 (E.D.N.Y. Apr. 23, 2002) (following, in turn, Gaddy v. Eyler, 79 N.Y.2d 955, 956-57, 582 N.Y.S.2d 990, 991 (1992))); see Kearse v. New York City Transit Auth., 16 A.D.3d 45, 49-50, 789 N.Y.S.2d 281, 285-86 (2d Dep't 2005) (Docket No. 20, Defs. Memo. at 3-4).

Plaintiffs do not contend that they have suffered out-of-pocket economic losses more than $75,000, thus, the inquiry is limited to whether they suffered a "serious injury" under the Insurance Law (see also Docket No. 26, Defs. Atty. Reply Affirm. ¶ 6).

Although plaintiffs asserted in their Interrogatory answers four categories of possible "serious injury" (cf. Docket No. 20, Defs. Memo. at 5-6), they now contend three of four categories that indicate a "serious injury"; they have not presented evidence for permanent loss of use of a body system or function (cf. Docket No. 26, Defs. Atty. Reply Affirm. ¶¶ 7-14; Docket No. 20, Defs. Memo. at 15-16). Those three categories are permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function (which defendants combine as one category, cf. Docket No. 26, Defs. Atty. Reply Affirm. ¶¶ 15-19); and a non-permanent injury which prevents the injured person from performing substantially all of the material acts which constitutes the person's usual and customary daily activities for not less

8

than ninety days during the one hundred eighty days following the injury (also known as the 90/180 category, see Docket No. 25, Pls. Memo. at 1st unnumbered page). (See id. at 1st unnumbered page (Michael), 3rd unnumbered page (Kristine).)

A. Consequential Limitation and Significant Limitation

For this category of "serious injury," plaintiffs have to show more than "mild, minor or slight limitation of use," Miki v. Shufelt, 285 A.D.2d 949, 728 N.Y.S.2d 816 (3d Dep't 2001), and mere allegations of pain or limited range of motion is not sufficient, see Gonzalez v. Green, 24 A.D.3d 939, 805 N.Y.S.2d 450 (3d Dep't 2005) (Docket No. 26, Defs. Atty. Reply Affirm. ¶ 15).

Defendants have established a prima facie case that plaintiffs have not sustained a "serious injury" under New York Insurance Law by producing admissible evidence of the extent of plaintiffs' injuries. Thus, the burden shifts and plaintiffs have to show that they did suffer a "serious injury," or at least there is a material issue of fact whether a "serious injury" was incurred. While defendants combine these two distinct categories, plaintiffs do not argue that their injuries arise under one category but not the other, so the Court will consider these categories together.

1. Michael Ciesiulka

As for Michael Ciesiulka, he alleges injuries to his cervical spine and his left knee that constitute "serious" injuries, pointing out that his treating physicians and the IME examiners related these injuries to the accident (see Docket No. 15, Pls. Memo. at 1st unnumbered page). He complains of herniation and limited range of motion in his back and a torn meniscus in his left knee (id. at first to second unnumbered pages).

Defendants contend that plaintiff has not shown permanent limitation (Docket No. 20, Defs. Memo. at 17-18), noting that he has not lost time from work as a printing press operator (with frequent bending, kneeling, reaching, grasping, and lifting) or taken anti-inflammatory medication (id. at 18; Docket No. 19, Defs. Atty. Affirm. Exs. G, P, T). They cite the conclusions of both the IME physicians, Drs. Ring and Cowan, that this plaintiff did not sustain a permanent loss of a body function or system (Docket No. 20, Defs. Memo. at 18; Docket No. 19, Defs. Atty. Affirm. Exs. H, J).

From a review of the record for this motion, the Court finds that plaintiffs have not established that Michael has suffered a "serious injury" under the New York Insurance Law. As for the herniation in Michael's cervical spine, Dr. Ring opined that, while he had residuals of pain there (as well as in his knee), plaintiff did not require further orthopedic treatment and has made an excellent recovery (Docket No. 19, Defs. Atty. Affirm. Ex. J, at 3). Dr. Ring found that Michael was "fully capable of working" and no longer needed further treatment (id.). Despite agreeing with Michael's treating physicians regarding their assessment of his herniation, Dr. Cowan concluded that what Michael suffered from was soft tissue strain that would resolve itself over time (id. Ex. H, at 18). Dr. Cowan concludes that "the accident did not result in neurological injury or impairment" (id. at 18-19). For consequential or even significant limitation of use, plaintiffs would have to show more permanence and continued injury than is presented here. Plaintiffs' counsel's own declaration agreeing with the defense IME reports that Michael's injuries were due to the automobile accident qualify the degree of injuries indicated (see Docket No. 23, Pls. Atty. Decl. ¶ 11 (Dr. Cowan agreeing with another doctor's report on images of plaintiff's spine, adding additional conditions that he considered "minimal" and

"mild"). This record does not establish a prima facie case for significant or consequential limitation to constitute a "serious injury" under New York Insurance Law.

As for Michael's torn meniscus, there is an issue whether Michael's left knee suffered injury from a prior rollerblading incident (cf. Docket No. 19, Defs. Atty. Affirm. ¶ 42). Dr. Cowan also concluded that the symptoms in the left knee were resolved by the end of 2005 (id., Ex. H, at 17). Nevertheless, plaintiffs have not established the existence of material issues of fact as to seriousness of Michael's injuries to preclude summary judgment. On this ground, defendants' motion for summary judgment is **granted**.

        2.        Kristine Ciesiulka

Plaintiff Kristine Ciesiulka claims post-traumatic head injury as well as injuries to her neck, back, left knee and right ankle (see Docket No. 25, Pls. Memo. at 3rd unnumbered page). She points to the IME examiner linking certain injuries to the automobile accident (id.) and she claims continued symptoms from her head, neck and back injuries (id.).

Defendants argue that Kristine has not proven permanent consequential limitation of a body organ or member or a significant limitation, noting that one doctor (in reviewing her medical record) could only find myofascial or soft tissue sprain or strain of limited duration (Docket No. 26, Defs. Atty. Reply Affirm. ¶ 18, Ex. A, Dr. Sanford Antin Aff., Ex. A, Dr. Antin letter to defense counsel, July 22, 2009).

Plaintiffs fail to establish a material issue of fact as to seriousness of Kristine's injuries to preclude summary judgment. Therefore, defendants' summary judgment motion as to Kristine's claims is **granted**.

B.     90/180 Day Category–Prevent Performance of Material Acts of Life

The next category of "serious injury" is prevention of performance of substantially all of the material acts of daily life activities for 90 days during 180 days following the incident. "Substantially all" under this category has been construed in New York courts as meaning "the person has been prevented from performing his usual activities to a great extent, rather than some slight curtailment," Thompson v. Abbasi, 15 A.D.3d 95, 100-01, 778 N.Y.S.2d 48, 53 (1st Dep't 2005) (Docket No. 26, Defs. Reply Affirm. ¶ 20).

Defendants contend that plaintiffs deny sustaining a medically determined injury or impairment that interferes with their customary and daily activities for 90 days during 180 days immediately following the occurrence of the injury under New York Insurance Law (Docket No. 26, Defs. Atty. Reply Affirm. ¶ 20). Plaintiffs contend there is an issue of fact whether Michael's injuries constitute a medically determined injury. Despite his working, Michael contends that he was not able to perform other daily activities of his life. (Docket No. 23, Pls. Atty. Decl. ¶ 17.) Similarly, as for Kristine, plaintiffs allege that an issue of fact exists since, although she was able to work and attend school, she still suffered pain, dizziness, and nausea and was unable to perform other daily activities (id. ¶ 18).

Defendants counter that plaintiffs fail to identify the other activities that plaintiffs were unable to perform, highlighting the fact that they worked during this period and were not advised by treating physicians to curtail their work or other activities (Docket No. 26, Defs. Atty. Reply Affirm. ¶¶ 21-23). Kristine performed household chores, visited the gym every other day until that gym closed, and she planned to resume dancing (id. ¶ 23).

Plaintiffs here fail to establish that an issue of fact exists whether either suffered a "serious injury" under the 90/180 day category. As was found in Thompson, supra, 15 A.D.3d. at 100-01, 778 N.Y.S.2d at 53, plaintiffs here point to symptoms but only a brief period of missed work as a result of these injuries and, as held in Thompson, that is insufficient to raise a triable issue of fact to support a 90/180 day claim. Both plaintiffs continued to perform other activities of daily life without interruption. Defendants' motion for summary judgment on this basis is **granted**.

## CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Docket No. 19) is **granted**. In particular, plaintiffs fail to establish a prima facie case that their respective injures constitute "serious injuries" under New York Insurance Law to preclude summary judgment to defendants; all claims raised by both defendants are **dismissed** as having not established even an issue of fact whether their remaining injuries constitute a "serious injury" as a matter of New York Insurance Law.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
November 6, 2009